IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[4] TEMITOPE SULEIMAN,<br><br>**Defendant.** | **CRIMINAL NO. 21-395-4 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Temitope Suleiman's ("Defendant" or "Suleiman") *Motion to Challenge Venue and Jurisdiction* ("*Motion to Dismiss*"), the Government's *Response in Opposition* ("*Response*"), and Defendant's *Reply to USA's Response* ("*Reply*"). (Docket Nos. 453, 462, and 467, respectively). For the following reasons, the *Motion to Dismiss* is **DENIED**.

I.   **BACKGROUND**

On October 20, 2021, a grand jury in the District of Puerto Rico returned a single-count *Indictment* charging Oluwasegun Baiyewu with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 5). About a year and a half later, on May 31, 2023, a grand jury returned a single-count *Superseding Indictment* charging Suleiman and four co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The *Superseding*

*Indictment* alleges numerous schemes supporting the money laundering conspiracy; these charges arose out of events occurring between May 2020 and October 2021. Id. ¶ 19.

On December 12, 2024, Defendant filed a *Motion to Dismiss*, challenging the venue and jurisdiction of the Court. (Docket No. 453). He asserts that venue is improper and the Court lacks subject matter jurisdiction because all the alleged offenses in the *Superseding Indictment* related to the charges against him occurred in Houston, *i.e.*, the Southern District of Texas, not in the District of Puerto Rico. Id. at 1. Defendant maintains that the crimes charged "interdict only the financial transactions (acts located entirely in Texas), not the anterior criminal conduct that yielded the funds allegedly laundered." Id. at 6. And, since Suleiman had no general intention to be involved in the conspiracy, nor does the *Indictment* link him to acts done by others, Defendant claims the charge against him is only for "criminal activity 'after the fact' of an offense begun and completed by others." Id.

As for jurisdiction, Defendant contends that the Government's evidence is insufficient to establish a federal nexus in this case because the alleged financial transactions do not implicate interstate or international commerce and there is no connection to federally regulated entities. Id. at 9-14. Additionally, Defendant asserts that he never purchased any vehicles on behalf of co-

defendant Baiyewu with stolen funds and that the Government's evidence only shows alleged payments made by Jonathan Akinfemi. Id. at 7-11, 13-14. Defendant contends the Government erroneously claims that Jonathan Akinfemi ("Akinfemi") is his alias. Id. Therefore, he requests that the Court either dismiss the indictment for lack of jurisdiction, transfer the case "to the proper jurisdiction reflecting where the alleged crime occurred," or "[o]rder the Government to provide a more definite statement specifying the jurisdictional basis of the charges." Id. at 14-15.

The Government filed a *Response*, arguing that venue is proper and the Court has jurisdiction because some of the alleged criminal conduct, including an overt act in furtherance of the money laundering conspiracy, occurred in this district. (Docket No. 462 at 6-10). The Government highlights that on a Rule 12(b)(2) motion to dismiss, the allegations in the *Superseding Indictment* are accepted as true; and here, the *Superseding Indictment* articulates that Suleiman used the alias Jonathan Akinfemi to conduct money laundering transactions, as part of a "hub and spoke" conspiracy featuring Baiyewu as a "hub" and money suppliers like Suleiman as "spokes." Id. at 7. Furthermore, the Government notes that 18 U.S.C. § 1956(i)(2) provides a broader venue for conspiracy charges than substantive money laundering offenses – making venue proper

in the District of Puerto Rico because at least one act allegedly occurred in this district. Id. at 3-10. Additionally, the Government rejects Suleiman's claims that he was just friends with Baiyewu instead of a member of the conspiracy as unavailing and irrelevant to determining venue. Id. at 9.

Lastly, the Government contends that Defendant failed to make the requisite showing that transferring this case to a different venue is in the interest of justice and convenient to all parties. Id. at 5-6, 10-11. This Court has presided over the case since its inception in 2021, a grand jury in Puerto Rico returned the two indictments, FBI-San Juan is investigating the case, and the victim company that first reported the business-email-compromise scheme that led to the *Superseding Indictment* is in San Juan. Id. at 10. Plus, two of the five co-defendants are located within the district, most have procured local counsel, and Suleiman's counsel himself has been appearing in this district for nearly a year and a half without ever before seeking a transfer of venue. Id. at 10-11.

In his *Reply*, Defendant reiterates the assertion that he is not Akinfemi, and that this is a matter of mistaken identity where the Government has failed to provide any evidence tying Defendant to anyone in the *Superseding Indictment*. (Docket No. 467 at 1-5, 7-13). Accordingly, Defendant argues that the Government cannot

show an "agreement to commit an unlawful act" by Suleiman, an essential element of conspiracy. Id. at 6-13. Secondly, Defendant asserts that the Government has not connected the alleged transactions in Houston to interstate commerce, thus failing to show this Court has either subject-matter or personal jurisdiction over Suleiman. Id. at 5-6. Defendant maintains that, if anything, "any criminal conduct originating from purchases of auction vehicles" originated and concluded in Texas, not Puerto Rico. Id. at 8-14.

## II. LEGAL STANDARD

The Constitution of the United States requires that, "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." U.S. Const. amend VI. To protect that right, the Federal Rules of Criminal Procedure state that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1).

Importantly, however, the government need not recite all its evidence in the indictment. "Unlike a civil complaint that need allege facts that plausibly narrate a claim for relief, a criminal indictment need only apprise the defendant of the charged offense, so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United

States v. Rodríguez-Rivera, 918 F.3d 32, 34 (1st Cir. 2019) (citations and internal quotation marks omitted). Therefore, "an indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (citations omitted).

Fed. R. Crim. P. 12(b) allows a party to "raise by pretrial motion any defense, objection or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). This includes challenges to a court's jurisdiction or improper venue. Fed. R. Crim. P. 12(b)(2)-(3). However, the power to dismiss an indictment pursuant to Fed. R. Crim. P. 12(b) is "reserved for extremely limited circumstances" because it "directly encroaches upon the fundamental role of the grand jury." Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988)). When evaluating a motion to dismiss the indictment, "courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" United States v. Ngige, 780

F.3d 497, 502 (1st Cir. 2015) (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)).

A motion to dismiss must attack the facial validity of the indictment and not the government's substantive case. *See* Ngige, 780 F.3d at 502 (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). "In general, an indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend and allows him to contest it without fear of double jeopardy." Savarese, 686 F.3d at 7 (citation omitted). The indictment "may use the statutory language to describe the offense, but it must also be accompanied by such statement of facts and circumstances as to inform the accused of the specific offense with which he is charged." Id. (citing United States v. Mojica-Baez, 229 F.3d 292, 309 (1st Cir. 2000)). Most notably, "the government need not put forth specific evidence to survive a motion to dismiss." Ngige, 780 F.3d at 502.

### III. APPLICABLE LAW

**A. Subject-Matter Jurisdiction**

With few exceptions, a district court generally has subject matter jurisdiction over a federal criminal case "if the indictment charges that the defendant committed a crime described in a federal criminal statute." United States v. González-Mercado, 402 F.3d 294, 300-01 (1st Cir. 2005) (quotation omitted).

Criminal No. 21-395-4 (RAM)                                               8

Pursuant to Fed. R. Crim. P. 12(b)(1), a defendant in a criminal case may move to dismiss an indictment for lack of jurisdiction at any time while the case is pending, or before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." However, a Rule 12(b) motion "does not 'provide an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense.'" United States v. Keleher, 505 F. Supp. 3d 41, 46 (D.P.R. 2020) (citing Rodríguez-Rivera, 918 F.3d at 35).

"At the indictment stage, the government need not 'show,' but merely allege, the required elements." Id. (quoting Stewart, 744 F.3d at 21). The First Circuit has noted that "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations[.]" United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2011). The courts' reticence regarding pretrial motions to dismiss indictments reaches cases where defendants contend subject matter jurisdiction is lacking. *See, e.g.,* Guerrier, 669 F.3d at 4 (quoting United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998))(alterations in original) ("[U]nless prosecutors have 'made what can fairly be described as a full proffer of the evidence [they] intend[ ] to present on a pretrial to satisfy the

Criminal No. 21-395-4 (RAM)                                               9

jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss the indictment.'").

### B. Venue

Pursuant to Fed. R. Crim. P. 12(b)(3)(A)(i), when venue is challenged, the government bears the burden by a preponderance of the evidence to establish that venue is proper. United States v. Salinas, 373 F.3d 161, 163 (1st Cir. 2004). The Constitution provides that criminal trials "shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, . . . shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3. Fed. R. Crim. P. 18 further mandates that the government "prosecute an offense in a district where the offense was committed." Courts must honor specific venue provisions in statutes where they exist. Salinas, 373 F.3d at 164.

Under Fed. R. Crim. P. 21, upon the motion of a defendant, the Court may transfer a criminal case to another district for either prejudice or convenience. The Court *must* transfer a proceeding against a defendant "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Alternatively, the Court *may*

transfer a proceeding "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed R. Crim. P. 21(b). In this instance, the Court should consider such factors as "the location of the parties, potential witnesses, contested events, relevant documents, and counsel, expense to the parties, overall accessibility of the trial location, and any other special factor." United States v. Dávila-Bonilla, 307 F.Supp.3d 1, 3 (D.P.R. 2018) (citing United states v. Quiles-Olivo, 684 F.3d 177, 185 (1st Cir. 2012) and Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964)). Notably, "Rule 21(b) links the two requirements – convenience and the interest of justice – and when a rule lists two requirements in the conjunctive, both must be satisfied." United States v. Walker, 665 F.3d 212, 224 (1st Cir. 2011).

## IV.  DISCUSSION

### A. The Government has sufficiently alleged the required elements to establish subject-matter jurisdiction at this stage.

Defendant contends that the indictment fails to establish a jurisdictional hook because it does not sufficiently identify the connection between Suleiman and the alias Akinfemi, nor adequately specify Suleiman's relationship and engagement with the alleged co-conspirators and interstate money laundering operation. As noted earlier, the Court must assume that the allegations in the

Criminal No. 21-395-4 (RAM)                                           11

indictment are true at this stage. Ngige, 780 F.3d at 502. Further, **the Court cannot analyze the sufficiency of the indictment through the lens of the Government's burden at trial**. Instead, the Court must determine whether the indictment merely "sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." Guerrier, 669 F.3d at 3. *See* United States v. Vega-Martínez, 949 F.3d 43, 48 (1st Cir. 2020) (citing Guerrier, 669 F.3d at 4-5) (finding that at the 12(b) stage, the court does not "evaluate the sufficiency of the evidence that the government might have to back up the indictment").

Here, the *Superseding Indictment* alleges a single count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86 at 3-16). Specifically, it details that defendants "knowingly conspired with each other and other persons known and unknown" by:

> a. Knowingly conducting and attempting to conduct financial transactions involving monetary transactions affecting interstate and foreign commerce . . . [using proceeds from mail fraud, wire fraud, access device fraud and conspiracy, as well as money laundering conspiracy], knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity . . . and

    b. Knowingly engaging and attempting to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce . . .

Id. ¶ 19-21. The details in the indictment regarding the manner and means by which the conspiracy was carried out provide Defendant with enough basis to adequately prepare a defense or plead double jeopardy should any future prosecution arise for the same offense. *See* id. at 4-16. Suleiman is identified as a defendant who delivered payments to Copart Inc.[1] for vehicles, upon the instruction of Baiyewu, with funds that are connected to the money laundering scheme. Id. at 11-12. Beyond that, the sufficiency of the Government's evidence is a matter for trial. Vega-Martínez, 949 F.3d at 49.

Accordingly, Defendant's request to dismiss on the basis of lack of subject-matter jurisdiction is **DENIED**.

  **B. The District of Puerto Rico is an appropriate venue for the money laundering conspiracy.**

Defendant is charged with money laundering conspiracy in violation of 18 U.S.C. § 1956(h). Congress has provided that venue for prosecutions under Section 1956(h) "may be brought in the district where venue would lie for the completed offense . . . or

---

[1] According to the *Superseding Indictment*, Copart Inc. is an online vehicle auction house where Baiyewu and two other unindicted co-conspirators held accounts that were allegedly used in furtherance of the money laundering conspiracy. (Docket No. 86 at 1-2).

in any other district where an act in furtherance of the attempt or conspiracy took place." 18 U.S.C. § 1956(i)(2).

Looking to First Circuit precedent, the United States v. Abbas panel affirmed a conviction for money laundering conspiracy when the jury decided by a preponderance of the evidence **that at least part of the conspiracy took place in the district** where the trial was held, namely the District of Massachusetts. 100 F.4th 267, 290 (1st Cir. 2024). In Abbas, the overt acts in furtherance of the conspiracy included emails sent into Massachusetts to induce a romance scam victim to wire funds outside of the district. The First Circuit explained that the "emails were overt acts that furthered the conspiracy because the steps a conspirator takes to produce the proceeds [that are] subsequently laundered furthers a money laundering conspiracy." Id.

Here, the *Superseding Indictment* alleges that a Puerto Rican company, G.I., was the victim of a business email compromise scam. (Docket No. 86 ¶ 26). G.I., like the victim in Abbas, received an email from scammers and initiated a payment originating from an account within the district to an account outside of the district. Id. ¶ 27. This payment allegedly constituted proceeds that were eventually laundered by unindicted co-conspirators and Baiyewu. Id. ¶¶ 28-30. Thus, the District of Puerto Rico is a proper venue

for the money laundering conspiracy given that acts in furtherance of the conspiracy occurred in Puerto Rico.

Suleiman contends that he never conspired to launder any of the funds related to victim company G.I., therefore this venue is improper as to him. *See* (Docket No. 343 at 3). However, the Court notes the *Superseding Indictment*'s charge of a hub-and-spoke conspiracy. *See* United States v. Abdelaziz, 68 F.4th 1, 48-49 (1st Cir. 2023) (describing hub-and-spoke structure and charging requirements). Accordingly, venue remains proper where at least part of conspiracy occurred, even if "there was no evidence that the defendant had entered that district or that the conspiracy was formed there." United States v. Rodriguez-Moreno, 526 U.S. 275, 281-82 (1999) (quoting Hyde v. United States, 225 U.S. 347, 356-57 (1912)); *see also* United States v. Approximately $659,990.83, 2008 WL 794538, at *6 (E.D. Wis. 2008) (finding venue proper in district where some overt acts in furtherance of a hub-and-spoke conspiracy occurred). Thus, even though Suleiman asserts that he has never visited, conducted business in, or had a relationship with anyone in Puerto Rico – or any of the other districts in which the alleged conspiracy targeted victims – Puerto Rico is not an improper venue because the *Superseding Indictment* alleges that acts in furtherance of the greater money laundering conspiracy took place within the District of Puerto Rico.

Lastly, while Defendant sets forth the legal standard for a transfer of venue under Fed. R. Crim. P. 21(b), he fails to show how the law supports the transfer of his case or how a change of venue would be convenient for any of the parties or witnesses. Based on the location of defendants, counsel, documents, and records in the ongoing investigation, as well as the established involvement of this district with events at issue, transferring venue is not in the interests of justice or convenience.

Accordingly, both Defendant's requests to dismiss for improper venue or to transfer venue elsewhere are **DENIED**.

## V.  CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant Temitope Suleiman's *Motion to Dismiss* at Docket No. 453.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of January 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE