IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL. NO. 21-395 (RAM) |
| | § | |
| [4] TEMITOPE SULEIMAN | § | |
| | § | |

*Defendant*

---

## MOTION TO SUPPRESS EVIDENCE OF DISMISSED STATE MISDEMEANOR AND UNRELATED TRANSACTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Defendant Temitope Suleiman, the Fourth Named Defendant in this cause, by and through counsel, and respectfully moves this Honorable Court to suppress and exclude: (1) any reference to or evidence of a dismissed Harris County misdemeanor criminal theft charge resolved via pretrial intervention; and (2) any evidence of other financial transactions by Defendant not directly tied to the conspiracy charged in this indictment. In support thereof, Defendant would show the following:

## I.
## BACKGROUND

Temitope Suleiman was charged in this matter with conspiracy to launder money, in a wide-ranging indictment involving multiple defendants. Suleiman was charged only peripherally and was identified under an alias that does not belong to him. Suleiman

does not intend to testify, and no co-defendant is expected to offer testimony or implicate him. The Government has not yet introduced any plea agreements by co-defendants, nor has it demonstrated any specific evidence directly implicating Defendant in the core activities of the alleged conspiracy.

The Government has indicated its intent to introduce the following evidence against Suleiman:

1. A prior state misdemeanor theft charge that was dismissed following Defendant's completion of a pretrial intervention program; and

2. Unrelated transactions by Defendant, with no nexus to the charged conduct or the alleged conspiracy.

## II.
## ARGUMENT AND AUTHORITIES

**A. The Dismissed Misdemeanor Theft Charge Is Inadmissible Under Rule 404(b) and 403**

Federal Rule of Evidence 404(b)(1) prohibits the use of evidence of a person's prior bad acts to prove character in order to show that the person acted in conformity with that character on a particular occasion. While Rule 404(b)(2) allows such evidence for limited purposes (e.g., intent, knowledge, absence of mistake), the Government bears the burden of articulating a specific, permissible, non-character purpose and demonstrating that the evidence is relevant to a contested issue in the case.

The state theft charge:

- Did not result in a conviction, but was dismissed following pretrial intervention, which is not an adjudication of guilt. (**Exhibit A**).
- Has no direct relationship to the charged money laundering conspiracy.
- Would serve only to suggest criminal propensity, in violation of Rule 404(b)(1).

Moreover, under Rule 403, even if marginally relevant, the probative value of this evidence is substantially outweighed by the risk of unfair prejudice, misleading the jury, and causing undue delay. The introduction of a dismissed charge — particularly one resolved through intervention rather than conviction — would confuse the jury and suggest to them that Defendant Suleiman is generally criminally inclined, in violation of his constitutional right to a fair trial. See *United States v. Jimenez*, 613 F.3d 788, 799–800 (8th Cir. 2010) (noting that prior arrests or charges that did not result in convictions are generally inadmissible); *United States v. Khoury*, 901 F.2d 948, 966 (11th Cir. 1990) (same).

B. <u>**The Unrelated Transactions Lack Nexus and Are Irrelevant Under Rule 401 and Prejudicial Under Rule 403.**</u>

The Government further seeks to introduce unspecified multiple transactions by Defendant Suleiman that allegedly reflect financial activity, but which:

- Have no connection to the charged alleged conspiracy;
- Do not involve co-defendants or identified victims;

- Are not linked temporally or factually to the conspiracy period alleged in the indictment.

Under Rule 401, evidence is only relevant if it has any tendency to make a fact of consequence more or less probable. Transactions that occurred in isolation and are unconnected to the Government's theory of conspiracy do not meet this threshold. (**Exhibit B**).

Even if the Government argues these transactions show "knowledge" or "intent," Rule 403 still bars their introduction if the risk of prejudice or jury confusion outweighs their probative value. Here, such evidence threatens to cloud the limited role of Defendant and suggest guilt by volume or background.

The use of unrelated transactions to imply bad character, guilt by association, or "pattern" without foundation runs afoul of Defendant's due process rights under the Fifth Amendment and should not be permitted. See *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

C. <u>**Constitutional Due Process Concerns**</u>.

Permitting the introduction of a dismissed criminal charge as evidence in a subsequent prosecution violates the Defendant's Fifth and Fourteenth Amendment rights to due process. It effectively punishes the Defendant for a charge which the state

deemed unworthy of prosecution. This is fundamentally unfair and undermines the presumption of innocence.

### III.
### CONCLUSION

For the foregoing reasons, Defendant Temitope Suleiman respectfully requests that this Court:

1. Suppress and exclude any evidence or reference to the dismissed state misdemeanor theft charge; (**Exhibit A**).
2. Suppress and exclude any evidence of unrelated financial transactions not directly tied to the conspiracy charged; (**Exhibit B**).
3. Grant such other relief as the Court deems just and proper.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendant, Temitope Suleiman moves this Honorable Court to suppress evidence intended to be introduced by the government against Temitope Suleiman as argued in this motion, and any other relief for which Defendant is entitled.

DATED this 30th Day of May 2025.

Respectfully submitted,

**THE ROYAL EZEOKE LAW FIRM, P.C.**

/S/ Alphonsus O. Ezeoke
 By:_____
Alphonsus O. Ezeoke
Texas Bar No. 24025356
11806 Wilcrest Drive, Suite 222
Houston, Texas 77031
Federal Admission No. 27052
Tel. (281) 499-0505
Fax. (713) 490-3440
E-mail address: ezeoke@gmail.com
Attorney for Defendant
Temitope Suleiman


By: *S/Melanie Carrillo Jiménez*
Melanie Carrillo-Jiménez
USDC-PR 225107
PO BOX 194524
San Juan, P.R. 00919-4254
(787) 630-2848/(787) 946-9046
E-mail: melaniecarrilloj@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 30, 2025, a true and correct copy of Defendant's Motion to Suppress and Exclude Evidence, was electronically served on all attorneys of record, through PACER.

/S/ Alphonsus O. Ezeoke
_____
Alphonsus O. Ezeoke