**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[4] TEMITOPE SULEIMAN,<br><br>**Defendant.** | **CRIMINAL NO. 21-395-4 (RAM)** |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Temitope Suleiman's ("Defendant" or "Suleiman") *Motion in Limine* and the Government's *Response in Opposition* ("*Response*"). (Docket Nos. 652 and 671, respectively). For the following reasons, the *Motion in Limine* is **GRANTED in PART and DENIED in Part.**

## I. BACKGROUND

On October 20, 2021, a grand jury in the District of Puerto Rico returned a single-count *Indictment* charging Oluwasegun Baiyewu ("Baiyewu") with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 5). About a year and a half later, on March 31, 2023, a grand jury returned a single-count *Superseding Indictment* charging Suleiman, Baiyewu, and three co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The *Superseding Indictment* alleges numerous schemes supporting the

money laundering conspiracy, including business email compromises ("BEC"), romance scams, and unemployment insurance ("UI") fraud. Id. ¶ 21. These charges arose out of events occurring between May 2020 and October 2021. Id. ¶ 19.

On May 30, 2025, Defendant filed a *Motion to Suppress*, seeking to exclude any evidence of a dismissed state theft charge and financial transactions that are not directly tied to the charged conspiracy. (Docket No. 535). The Court found the motion was more properly characterized as a motion to exclude and denied it on July 22, 2025. (Docket No. 643). The Government filed its *Trial Brief and Omnibus Motions in Limine* on July 3, 2025. (Docket No. 579).

On July 28, 2025, Defendant filed his *Motion in Limine*, requesting that the Government be precluded from referring to: (a) a prior dismissed state charge; (b) Defendant's national origin, immigration status, ethnicity, or accent "as suggestive of criminal behavior" or guilt by association; (c) statements or acts by co-defendants, unless properly admitted under Rule 801(d)(2)(E); (d) unrelated financial transactions and activities, unless directly tied to Defendant by admissible evidence; and (e) statements made by Defendant during a proffer session. (Docket No. 652).

The Government filed a *Response*, highlighting Suleiman's motion as untimely and meritless. (Docket No. 571).

Trial for Suleiman is set to commence on August 4, 2025. (Docket No. 487).

## II.  APPLICABLE LAW

Under the Federal Rules of Evidence, relevant evidence is evidence that "has any tendency to make a fact more or less probable" than otherwise, and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of" problems such as "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 404(b) governs the admissibility of "other crimes, wrongs, or acts" than those for which a defendant currently stands trial. Fed. R. Evid. 404(b). While such evidence is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. Admission of such evidence requires the court "to conduct an initial 'two-step

analysis,' by first determining 'whether the evidence has a special relevance in that it is offered not to show a defendant's evil inclination but rather to establish some material fact.'" United States v. Agramonte-Quezada, 30 F.4th 1, 15 (1st Cir. 2022) (quoting United States v. Tkhilaishvili, 926 F.3d 1, 15 (1st Cir. 2019) (internal quotation marks omitted)). Then, if the court finds sufficient relevance, "'the next step requires that it gauge probative weight against prejudicial effect,' pursuant to Rule 403.'" Id. (quoting Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1373 (1st Cir. 1991)).

"[E]ven when initially consistent with Rule 404(b), prior bad act[s] evidence may become troublesome if the evidence itself is unfairly prejudicial or if it is admitted in excess or misused by the government over the course of the trial." United States v. Centeno-González, 989 F.3d 36, 51 (1st Cir. 2021) (affirming district court decision to admit evidence of prior arrest involving concealed arms because lack of mistake and knowledge were directly at issue). However, "restrained use of prior bad act evidence is consistent with [First Circuit] case law, especially when coupled with [a] court's limiting instruction." Id. at 52 (finding district court made it clear to the jury that "[e]ven if you find that the Defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference

that the Defendant committed the acts charged in this case"); *see* United States v. Altvater, 954 F.3d 45, 55 (1st Cir. 2020) (holding "we have a long-standing presumption that jurors follow instructions" and prejudice resulting from admission of testimony related to prior bad acts may be ameliorated by proper jury instructions (internal quotation marks and citation omitted)).

### III. DISCUSSION

#### A. Prior Dismissed State Charge

Defendant asserts that the dismissed state charge serves no purpose other than to inflame the jury or imply propensity for criminal conduct, making it inadmissible under Rule 404(b) and unfairly prejudicial under Rule 403. (Docket No. 652 at 2-3). The Government highlights that the Court already addressed and denied this argument previously. (Docket No. 671 at 2-3). The Court agrees and incorporates its reasoning in the Opinion and Order issued on July 22, 2025:

> The case at bar is a single-count money laundering conspiracy case, in which different co-conspirators are alleged to have funneled proceeds from disparate locations to Baiyewu. (Docket No. 86). Specifically, Suleiman is identified as a defendant who delivered payments to Copart Inc. for vehicles, upon the instruction of Baiyewu, with funds that are connected to the money laundering scheme. Id. at 11-12.
>
> At this time, the Court finds materials relating to the state charge investigation admissible for the non-propensity purposes stated by the Government: to show Defendant's knowledge of how fraud schemes operate. Any

>     potential prejudice of his prior arrest can be cured
>     with strict limiting instructions to the jury. *See*
>     Centeno-González, 989 F.3d at 51.

(Docket No. 643 at 8).

The First Circuit has highlighted that "Rule 404(b) covers prior *acts*, and is not limited to convictions." *See* United States v. Garcia, 983 F.2d 1160, 1173 (1993). In its *Trial Brief and Omnibus Motions* (*see* Docket No. 579 at 39-41), the Government further elaborates on the specific evidence it intends to introduce at trial. *See also* id. (allowing evidence of prior arrest when there was "sufficient evidence linking the defendant to the prior act"). Furthermore, the fact that Defendant was only arrested and had not been convicted can be explained to the jury with proper limiting instructions. *See* id. (finding "the district court handled the prior acts evidence with care, providing the jury with a limiting instruction after the evidence was admitted, and again instructing the jury of the scope of prior acts evidence in his final charge").

Accordingly, the Court denies this request.

**B. Guilt by Association or National Origin**

Defendant asserts that any implication that his Nigerian origin, cultural background accent, or immigration history makes it more likely he was involved in money laundering should be excluded, as such implications would violate equal protection, due

process, and constitute guilt by association. (Docket No. 652 at 3). The Government avers it has "no intention of making any such assertions at trial." (Docket No. 671 at 3).

Accordingly, the Court grants this request as unopposed.

### C. Statements or Acts of Co-Defendants Not Made in Furtherance of the Conspiracy

Defendant asserts that the Government should not be permitted to introduce to statements or acts by co-defendants without first establishing foundational prerequisites under Rule 801(d)(2)(E); and that until the Court rules on admissibility, the Government should be prohibited from alluding to such statements during voir dire or opening statements. (Docket No. 652 at 3-4). The Government states that it "understands that it must meet the requirements of FRE 801(d)(2)(E) to introduce such evidence at trial." (Docket No. 671 at 3).

Accordingly, the Court grants this request as unopposed.

### D. Unrelated or Unconnected Transactions

Defendant asserts that records of financial transactions to which he is not a party should be excluded unless there is a direct and clear evidentiary link established to Suleiman, otherwise it is inadmissible under Rules 401, 403, and 404(b). (Docket No. 652 at 4). The Government highlights that the Court already addressed and denied this argument previously. (Docket No. 671 at 3-4).

The Court agrees and incorporates its reasoning in the Opinion and Order issued on July 22, 2025:

> The Court also finds evidence of Defendant's financial transactions activity directly relevant to the case, given the charge for money-laundering conspiracy and the facts alleged regarding the underlying fraud schemes and transfer of illegal funds through Copart. The nature and extent of this activity go directly towards Suleiman's alleged participation in the offense and would serve to clarify his involvement. Again, any potential prejudice could be addressed by proper limiting instructions at trial.

(Docket No. 643 at 8).

Accordingly, the Court denies this request.

### E. Statements Made During Proffer Session

Defendant argues that Government usage of his statements from a proffer session will be highly prejudicial, improper, and chill his constitutional rights to testify in his own defense. (Docket No. 652 at 4-5). Defendant states that proffer statements are governed by Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), and "any written proffer or cooperation agreement signed by the parties." Id.

The Government asserts that it does not intend to introduce Defendant's proffer session statements in its case-in-chief, "which the terms of the Proffer Agreement explicitly exclude." (Docket No. 671 at 4-6). However, it highlights that the Proffer Agreement "does 'expressly provide' for use of his statements on

cross-examination and for impeachment purposes" – thereby making Defendant's argument of admissibility under Fed. R. of Evid. or Fed. R. Crim. P. 11 inapplicable because Suleiman knowingly waived those protections. Id.

Noting that the parties had a Proffer Agreement, the Court finds that the Government may use proffer statements in accordance with that agreement, to include that Defendant "may be cross-examined, confronted, and impeached by [his] statements." See id. Accordingly, the Court denies this request insofar as it seeks to limit the Government beyond the agreed-upon terms.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in Part and DENIES in Part** Defendant Temitope Suleiman's *Motion in Limine* at Docket No. 652.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of August 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE